SAMUEL W. JONES v. FREDERICK W. SCHMIDT AND PIERSON A. FREEMAN.

1. A judgment was ordered satisfied and discharged of record, it appearing to the satisfaction of the court and by the receipt of the assignee thereof that, while he held the title thereto, the goods of the defendant in execution were by his direction sold at sheriff's sale on execution, and taken by him "in lieu and in full of the purchase-money" bid at such sale.

2. Such assignee, having thereafter assigned said judgment to a party taking the same in good faith, transferred the same, subject to the rights of the judgment debtor who had paid the same, and the judgment would be satisfied as against the last assignee, but without costs.

On rule to show cause why judgment should not be satisfied and discharged of record as paid.

Argued at February Term, 1893, before Justices DEPUE, LIPPINCOTT and ABBETT.

For the rule, *Willard W. Cutler.*

*Contra, John E. Fennell.*

The opinion of the court was delivered by

ABBETT, J.  The judgment in this case was recovered in the New Jersey Supreme Court by William H. Schiefflin & Company against Samuel W. Jones and Charles E. Rosebear, March 19th, 1881, for $463.72 damages and $63 costs.  It was assigned to Pierson A. Freeman November 21st, 1881, and by him assigned to Fred. W. Schmidt January 27th, 1893. A release of certain premises was given, dated May 25th, 1889, and acknowledged before George T. Werts, a master in chancery, June 24th, 1889, and recorded in the clerk's office of Morris county June 18th, 1890, in Book 4 of Releases of Mortgages and Judgments of said county, page 134, &c. The release is of certain premises in Morris county particularly described, and also " all and singular any and all other lands, tenements and hereditaments now [May 25th, 1889] owned by said Samuel W. Jones, or that hereafter may be owned by him, wheresoever the same are or may be situated," which release was from the operation of said judgment.   An execution was issued on said judgment March 19th, 1881, and returned by the sheriff of Morris county, with a levy thereto annexed, April 5th, 1881.   It is shown by depositions that there is a record of this execution in Docket B of Records of Executions received by the sheriff of Morris county, page 35.

It is also shown that on May 4th, 1881, the amount of $748 was bid by Pierson A. Freeman, and a receipt thereon was given, which includes three judgments obtained in the justice's court. This receipt is as follows:

" I acknowledge having received of William H. McDavit, sheriff, the goods and chattels sold under the above-stated execution in lieu and in full of the purchase-money in the above-stated cause.

"PIERSON A. FREEMAN,
"*Assignee, and owner of the above-stated execution.*"

The signature to this receipt is in the handwriting of Pierson A. Freeman.

Application was made in February, 1893, to Pierson A. Freeman and Fred. W. Schmidt to cancel said judgment, as the same was paid and satisfied, and they refused so to do. As the assignment to Schmidt was made after the judgment had been paid and satisfied, he took no rights under such assignment superior to those of his assignor. Schmidt, however, appears to have taken the assignment in good faith.

Upon an examination of the papers and depositions in the case I am satisfied—

*First.* That Freeman and Schmidt have failed to prove that the general clause contained at the end of the release as to specific property was inserted after its execution.

*Second.* That the judgment, as against Samuel W. Jones, was paid and satisfied, as appears by the receipt of Pierson A. Freeman, and that whatever rights, if any, exist between the father of said Samuel W. Jones and said Pierson A. Freeman, they must be litigated between them ; and that as to Samuel W. Jones, said judgment was intended to be satisfied and discharged of record by the taking of the goods under said execution by Pierson A. Freeman in satisfaction of said judgment, and the three judgments in the justice's court, referred to in the receipt signed by Pierson A. Freeman.

The rule should be made absolute, with costs as against Pierson A. Freeman, but without costs as against Frederick W. Schmidt.